**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MONTY NGUYEN** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-3046** |
| **SHERIFF MARLIN GUSMAN** | **SECTION "N"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including

an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for

disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as

applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has

determined that this matter can be disposed of without an Evidentiary Hearing.

## I.      Factual Summary

The plaintiff, Monty Nguyen ("Nguyen"), was incarcerated in the Allen Correctional Center

in Kinder, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint brought

pursuant to Title 42 U.S.C. § 1983.[1]  Nguyen filed this complaint against Orleans Parish Criminal

Sheriff Marlin Gusman, the Special Investigation Department of the Orleans Parish Criminal

Sheriff's Office, and unidentified tier deputies seeking damages as a result of the conditions of his

---

[1]The plaintiff notified the Court on December 22, 2006, that he was transferred to the Elayn Hunt Correctional
Center in St. Gabriel, Louisiana.  Rec. Doc. No. 18.

confinement in the aftermath of Hurricane Katrina.  In his prayer for relief, Nguyen also seeks relief

against the Internal Affairs Office, the ACLU, and the Louisiana Attorney General.[2]

Nguyen alleges that he was housed in the Orleans Parish Prison system ("OPP") for four

months prior to Hurricane Katrina.  He alleges that, on August 29, 2005, he was housed on the fifth

floor of the House of Detention ("HOD"), when water began to rise from the toilets and floor drains.

He claims that his calls for help and requests to be moved were ignored by the tier deputies.  He

further complains that the water from the toilets and shower drains was mixed with sewage water

which contaminated the area.

He also alleges that the sheriff and tier deputies left him in the flooded jail with no food, no

security, no medical attention, no drinking water, and no clean clothes.  He concedes, however, that

he was told that help was coming.  He alleges that, in spite of the promises of help, the staff

abandoned their posts to check on their families who also sought shelter in HOD.  Nguyen also

alleges that any available food was given only to the family members of the deputies.

Nguyen claims that, as a result of the abandonment, he did not believe that he would get out

of the jail alive.  He indicates that the jail was extremely hot, with no ventilation, such that breathing

became very difficult.

He further alleges that he was eventually taken by boat to the interstate highway, where he

sat in the heat for two hours.  He claims that he was not given food, water, or medical attention at

that time.  He further claims that, after sitting for hours on the interstate, he was put on a bus and

given a cup of water and a peanut butter sandwich.  He alleges that he was later transported to the

Allen Correctional Center on September 1, 2005.  While there, he states that he was provided with

---

[2] While these parties were not formally named as defendants they are being construed as such in this opinion and will be fully analyzed herein.

soap to shower, clean clothes and a bag lunch.  He also received a mattress with clean sheets and an area on the floor to rest.

Nguyen alleges that the delays by sheriff and "his agents" caused him great hardship and denied him a liberty interest and his state and federal constitutional rights.  He therefore requests a trial by jury and monetary damages for each day he suffered.  He also seeks an order to have the Internal Affairs Office of the ACLU, its Directors, and the Attorney General's Office respond or be held accountable for these errors.

## II.    Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably

meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976

F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

#### A.    Claims Against Sheriff Gusman and the Unidentified Deputies

Nguyen complains that the evacuation process utilized during Hurricane Katrina was not

timely and was negligently performed, causing him to suffer without food and water for a couple

of days.  He therefore contends that the manner and timing of the evacuation constituted cruel and

unusual punishment.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions

of confinement "which are incompatible with 'the evolving standards of decency that mark the

progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of

pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).  "[C]onditions that cannot

be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent

that such conditions are restrictive and even harsh, they are part of the penalty that criminal

offenders pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course,

a prerequisite to his liability on the claim for damages under §1983.  However, a supervisory

official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of

*respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's

constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see*

*also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable

under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Under a broad reading, Nguyen alleges that unidentified prison guards left him in the facility without attention or provisions. He does not identify these guards and therefore has not properly named them as defendants. Nevertheless, he has not established a constitutional violation by the guards or a basis for liability to be placed under § 1983 against Sheriff Gusman for their actions. He also has not alleged that Sheriff Gusman was personally involved in the events at the prison or the denial of provisions before or during the evacuation. Therefore, the claim against the Sheriff should be dismissed.

Furthermore, to the extent Nguyen claims that Sheriff Gusman or the unidentified tier deputies acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994)

("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, Nguyen has made no such showing nor has he asserted such an allegation of an intentional indifference by Sheriff Gusman.

In addition, Nguyen has also failed to show that the temporary conditions caused by Hurricane Katrina violated his constitutional rights. In order to prove that the conditions of his confinement violated the Fourteenth Amendment, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633.

Furthermore, federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib*, 138 F.3d at 215. For these reasons, a short term sanitation restriction or problem, although admittedly unpleasant, does

not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995).

Nguyen has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific medical need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting from Hurricane Katrina, one of the largest disaster that the United States has experienced in its history.  Nguyen  recognizes that the officials realized the risk of harm caused by the rising waters and successfully evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances.

Nguyen alleges that he was in the jail for several days  before being evacuated on September 1, 2005.  He complains that during that period he had no food, he lived in unsanitary conditions, and was left  with no assistance from the guards.  Even if  Nguyen could establish that the alleged neglect amounted to some intentional failure on the part of the guards at the prison, he could only proceed under § 1983 if he could show that he sustained a physical injury as a result of his exposure to these temporary conditions.

After review of the Complaint and the response to the Court's Briefing Order,[3] Nguyen does not allege that he experienced any physical problems as a result of the heat, the smell of raw sewerage, or the water which would entitle him to relief.  He alleges that he sustained some nausea and vomiting from the smell.  However, Title 42 U.S.C. § 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

---

[3]Rec. Doc. No. 13.  The briefing order was issued by the prior magistrate judge.  Rec. Doc. No. 7.

The United States Fifth Circuit, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury))).   In *Alexander*, the Fifth Circuit held that vomiting and nausea were *de minimis* injuries and were therefore insufficient for recovery under § 1997e(e)).   *Alexander*, 351 F.3d at 631.   These  same symptoms have been alleged by Nguyen and do not entitle him to relief under § 1983.

Therefore, Nguyen's claims against the Sheriff and the unidentified deputies seeking recovery for both monetary and emotional damages be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e)(2) and Title 42 U.S.C. § 1997e(c)(1).

## B.    <u>Security Investigation Department and the Internal Affairs Office</u>

Nguyen has named the Special Investigation Department ("SID") as a defendant.  He also seeks relief against the Internal Affairs Office.  He has not alleged any action or inaction by any specific or identifiable member of this unit.

In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the SID unit and the Internal Affairs Office, as a part of the Orleans Parish Criminal Sheriff's Office, can be sued.[4]  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as ". . . an

---

[4]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See* FED. R. CIV. P. 17(b).

entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, the SID unit and the Internal Affairs Office within the Orleans Parish Criminal Sheriff's Office are not juridical persons capable of being sued under § 1983. The claims against these entities are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### C.      American Civil Liberties Union

In the prayer for relief, Nguyen also seeks relief from the ACLU, who he claims should be held accountable for his complaints. He does not set forth any allegations against the ACLU in the Complaint. The ACLU is not a proper defendant under § 1983.

Under § 1983, Nguyen must not only prove that a constitutional violation occurred but he must also prove that the ACLU's or its employees' actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984) (citation omitted).

The ACLU and its officers, directors and employees also are not "state actors" for purposes of § 1983. *D'Alessandro v. ACLU*, 2006 WL 3253422 at *3 (D. Del. Nov. 8, 2006); *Gulbrandson*

*v. Chief Justice of Case SO 31268*, 1993 WL 254917 (N.D. Cal. June, 28, 1993). Instead, the ACLU

is a <u>private</u>, nonprofit organization whose purpose is to preserve the protections and guarantees of

the Bill of Rights of the United States Constitution. *Id.* As a private entity, it is not clothed with

the authority of law to act on behalf of any state or the federal government. *See Gulbrandson*, at \*3.

Therefore, Nguyen's claims against the ACLU must be dismissed as frivolous and for failure

to state a claim for which relief can be granted pursuant to § 1915.

**D.      Louisiana Attorney General**

Nguyen also identifies the Attorney General in the prayer for relief as someone who is

responsible to him in damages. He does not set forth any additional allegations against the Attorney

General. Under § 1983, the plaintiff must prove that a constitutional violation occurred and that the

defendant's actions were taken under color of state law. *Flagg Bros., Inc.*, 436 U.S. at 156. As

discussed above, a defendant may be liable in his individual capacity under § 1983 only if he was

personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or a

causal connection existed between an act by that defendant and the alleged constitutional violation.

*Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th

Cir. 1976)); *Douthit*, 641 F.2d at 346; *Watson*, 611 F.2d at 123.

In this case, Nguyen has not alleged a constitutional violation by the Attorney General or that

he was responsible for the conditions of his confinement or the evacuation from OPP. Without any

factual basis for his claim, his claims must be dismissed as frivolous or for failure to state a claim

for which relief can be granted.

Furthermore, the Attorney General, as a state actor in his official capacity, is not a person

for purposes of suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

In addition, suit against the Attorney General in his official capacity is prohibited by the Eleventh Amendment.  The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State.  *Pennhurst State School v. Halderman*, 465 U.S. 89, 98 (1984);  *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986).  A state may expressly waive this Eleventh Amendment sovereign immunity.  *See  Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. State Dept. of Highways and Public Transp.*, 780 F.2d 1268, 1271-73 (5th Cir. 1986).  However, the State of Louisiana has not done so.  To the contrary, La. Rev. Stat. Ann.  § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."  The Attorney General, in his official capacity, stands in the place of the State itself and enjoys Eleventh Amendment immunity.  *Muhammad v. Louisiana*, 2000 WL 1568210 (E.D. La. Oct. 18, 2000).  Therefore, Nguyen's suit against the Attorney General in an official capacity is barred by the Eleventh Amendment.

For these reasons, the claims against the Attorney General should be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for naming a defendant who is immune from suit, under § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### E.        Claims under the Louisiana Constitution and State Law

Nguyen contends that the actions of the Sheriff and the unidentified tier officers violated his state constitutional rights, which also forbids cruel and unusual punishment, and otherwise, amounted to negligence in abandoning the jail and delaying evacuation.  Under a broad reading, these claims appear to be brought under Section 20 of the Louisiana State Constitution which provides that no law shall subject any person to euthanasia, to torture, or to cruel, excessive, or

unusual punishment.  Also, La. Civ. Code art. 2315 *et seq.* provides that a person is liable for any act whatsoever which causes injury to another.

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial."  *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

The court is recommending dismissal of Nguyen's federal claims in their entirety as frivolous and otherwise for failure to state a claim for which relief can be granted.  Therefore, his  state law claims, if any, should be dismissed without prejudice to his ability to assert them in the appropriate state forum as the Court declines to exercise its supplemental jurisdiction.

## IV.    Recommendation

It is therefore **RECOMMENDED** that Nguyen's § 1983 claims against Sheriff Gusman, the Security Investigation Department, the Internal Affairs Office, the ACLU, the Louisiana Attorney General, and the unidentified deputies be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Nguyen's claims brought pursuant to the Louisiana Constitution and state law be **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise its supplemental jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____26th_____ day of _____March_____, 2008.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**